# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MOHAMMAD KHAN, | No. LA CV 17-02750-VBF-KS |
| Petitioner, | **ORDER** |
| v. | Adopting the Report & Recommendation; |
| STEVE LANGFORD (Warden), | Denying the Habeas Corpus Petition; |
| Respondent. | Dismissing the Action With Prejudice; |
| | Directing Separate Final Judgment; Terminating and Closing Action (JS-6) |

This is an action for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2241. Pursuant to her authority under Fed. R. Civ. P. 72(b)(1), title 28 U.S.C. § 636(b)(1)(B), and C.D. Cal. Local Civil Rule 72-3.3, the United States Magistrate Judge issued a Report and Recommendation ("R&R") on January 29, 2018. *See* CM/ECF Document ("Doc") Doc 16. Petitioner has not filed objections to the R&R within the time allotted by Local Civil Rule 72-3.3. *See Sudduth v. Soto*, No. 2016 WL 4035337, *1 (C.D. Cal. July 12, 2016) ("This Court never rules on an R&R without waiting for the objection deadline to pass, and it will not rule on the R&R here until at least one week after . . .

-1-

[petitioner]'s objection deadline elapses . . . ."). Nor has petitioner sought an extension of the objection deadline. Accordingly, the Court proceeds without waiting further.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Second Amended Habeas Petition filed July 21, 2017 (Doc 9), the respondent's Return (Doc 12), petitioner's traverse filed November 20, 2017 (Doc 14), the R&R (Doc 16), and the applicable law.

By its terms, Federal Rule of Civil Procedure 72(b)(3) requires de novo review only of those portions of an R&R to which a party has specifically objected. *See Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)( C) and *US v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)); *see also US v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)). The Ninth Circuit holds that absent a timely objection purporting to identify specific defects in the R&R, the District Judge has no obligation to review the R&R at all. *See Reyna-Tapia*, 328 F.3d at 1121 (en banc); *see also Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 473 (1985) ("There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report.[.]")). *Accord Mario v. P&C Food Markets*, 313 F.3d 758, 766 (2d Cir. 2002).

"Nonetheless, the Magistrates Act does not *preclude* a district judge from reviewing an R&R to make sure that it recommends a legally permissible and appropriate outcome (based on sound reasoning and valid precedent) if she chooses to do so." *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (citing *Beard*, 2013 WL 3934188 at *1 (quoting *Thomas*, 474 U.S. at 154)). "'Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no timely objection is filed, the Court review the magistrate's recommendations for clear error on the face of the record.'" *Juarez*, 2016 WL 2908238 at *2 (quoting *Beard*, 2013 WL 3934188 at *1).

**Out of an abundance of caution, then, the Court has reviewed the R&R. On either clear-error or de novo review, the Court finds no defect of law, fact, or logic in**

**the R&R.** Therefore the Court will adopt the R&R and implement its recommendations.

ORDER

The Report and Recommendation **[Doc #16] is ADOPTED**.

The Second Amended Petition for a Writ of Habeas Corpus **[Doc #9] is DENIED.**

As required by Fed. R. Civ. P. 58(a), the Court will enter judgment by separate document. *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013).[1]

**This action is DISMISSED with prejudice.**

**The case SHALL BE TERMINATED and closed (JS-6).**

Dated: March 8, 2018

*Valerie Baker Fairbank*
_____
Hon. Valerie Baker Fairbank
Senior United States District Judge

---

[1] "As a federal prisoner proceeding under 28 U.S.C. § 2241, Petitioner is not required to obtain a certificate of appealability ('COA') in order to appeal to the United States Court of Appeals in this case." *Fiorito v. Entzel*, 2018 WL 702834, *1 (C.D. Cal. Feb. 1, 2018) (John Walter, J.) (citing, *inter alia*, *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) (holding that plain language of 28 U.S.C. § 2253( c)(1) does not require *federal* prisoners bringing section 2241 actions to obtain a COA unless the putative 2241 petition "is merely a 'disguised' section 2255 petition")).

"Our circuit interprets section 2253 to require only habeas petitioners in custody pursuant to a *state-court* judgment to obtain a COA before appealing a final order denying a section 2241 claim." *Tomlinson v. Caraway*, 2014 WL 4656432, *1 n.1 (C.D. Cal. Sept. 16, 2014) (citing *Harrison*, 519 F.3d at 958). *Accord Stryker v. Bear*, – F. App'x -, 2018 WL 921974, *1 (10th Cir. 2018).